IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RONALD L. McALPIN<br>　　　　　Plaintiff,<br><br>VS.<br><br>AETNA LIFE INSURANCE<br>COMPANY<br>　　　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 5:19-CV-00417<br>§　JURY TRIAL REQUESTED<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. COMES NOW, RONALD L. McALPIN, complaining of AETNA LIFE INSURANCE COMPANY ("AETNA"), and for cause of action respectfully shows unto the Court as follows:

2. RONALD L. McALPIN ("McALPIN" OR "PLAINTIFF") brings this ERISA action against AETNA LIFE INSURANCE COMPANY ("AETNA"). Plaintiff is and was insured by AETNA on or about October 9, 2016, with a Member ID of W2083 04765, Group ID #716386-010-00700 (hereinafter referred to as the "Plan").

3. Plaintiff was injured on October 9, 2016, when he fell off his bicycle. The fall and resultant injuries were severe, and Plaintiff received reasonable and necessary medical treatment from the San Antonio Military Medical Center ("SAMMC") (formerly known as Brooke Army Medical Center or BAMC).

4. BAMC submitted bills for Plaintiff's treatment to Defendant AETNA and, for more than two years, AETNA has wholly failed to pay for the treatments Plaintiff received.

5. After Plaintiff RONALD L. MCALPIN was discharged, Defendant wrongfully denied coverage for the reasonable and necessary medical treatment Plaintiff received, including the cost of the hospital recovery, medication, and related necessary medical treatment.

6. Defendant has refused and continues to refuse to make appropriate and required payments under Plaintiff's Plan. Defendant's refusal to date has caused serious and economic harm to Plaintiff, including damage to his credit reputation and partial garnishment of his wages.

## PARTIES

7. Plaintiff is an individual residing in San Antonio, Bexar County, Texas.

8. Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter "Defendant" or "AETNA") is a foreign for-profit corporation formed and operating under the law of the State of Connecticut, who, at all relevant times, was doing business in Comal and Bexar Counties in Texas. Defendant may be served with this Original Petition by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201. **Service will be processed by private process server**.

9. McALPIN's claims and causes of action arise out of the wrongful denial of benefits by AETNA, as well as the breaches of fiduciary duty by AETNA. AETNA's wrongful acts and omissions occurred in Bexar County, Texas. Therefore, venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b) because Defendant's acts and omissions occurred in this judicial district.

10. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA") and specifically 29 U.S.C. § 1132(a)(1)(b),(e). Plaintiff acquired health insurance benefits through Plaintiff RONALD L. MCALPIN's employment with the Henry L. Bernstein, Inc., d/b/a Gas Turbine Materials Associates. Plaintiff has fulfilled conditions precedent, exhausted administrative remedies, and has provided repeated written notice to Defendant and its counsel of the claim, the wrongful denial, and the harm caused. See exhibit A.

11. Defendant wrongfully denied coverage for the reasonable and necessary medical treatment Plaintiff received, including the cost of the hospital recovery, medication, and related necessary medical treatment. Defendant has refused and continues to refuse to make appropriate and required payments under Plaintiff's Plan. Defendant's refusal to date has caused serious and economic harm to Plaintiff, and continues to cause serious and economic harm to Plaintiff.

## WRONGFUL DENIAL OF BENEFITS
## UNDER ERISA, 29 U.S.C. §1132

12. Plaintiff incorporates herein by reference the allegations in paragraphs 3 through 11 above, as if fully set forth at length.

13. On December 5, 2018, Defendant admitted: " It has been confirmed that our member was not in an automobile accident but was in a bicycle accident and not automobile insurance is involve." Exhibit B. Nevertheless, Defendant has continued to wrongfully deny payment for reasonable and necessary medical treatment Plaintiff received after an accident that Defendant was contractually and statutorily obligated to pay. Defendant's so-called pre-textual reason for refusing is Defendant's mistaken belief that Plaintiff was injured in an automobile accident (false) and that a third party insurer should be primarily liable (false), instead of Plaintiff's own health insurance. Defendant's denial and refusal to pay is still without basis in fact or in law. Defendant has grossly abused its discretion in denying the claim.

14. Plaintiff demands that Defendant provide the benefits owed to him according to the terms of the Plan, as well as compensation for damage to his credit reputation and wrongfully garnished wages. Plaintiff also seeks equitable relief. 29 U.S.C. § 1132(a)(1)(b),(e).

## ATTORNEYS FEES

15. Plaintiff is entitled to an award of attorney's fees and costs under 29 U.S.C. § 1132(g).

## **PRAYER FOR RELIEF**

16. WHEREFORE, premises considered, Plaintiff prays for the following relief:

   1) Declaratory and injunctive relief, finding that Plaintiff is entitled to benefits under the terms of the AETNA policy, and that Defendant AETNA be ordered to pay benefits according to the terms of the Plan; recovery of compensatory damages for wrongful garnishment and damage to credit reputation; and equitable relief as afforded by statute and common law.

   2) An award of reasonable attorney fees as provided by the Plan and appropriate statutory authority;

   3) Reasonable costs as provided by the Plan and the appropriate statutory authority;

   4) For such other relief as this Court deems just; and

   5) Pre-judgment and post-judgment interest at the maximum legal rate; both at common law and by statute to be taxed against Defendant to which Plaintiff may show himself justly entitled.

Respectfully submitted,

LANG LAW FIRM, P.C.
10500 Heritage Blvd, Suite 200
San Antonio, Texas 78216
Telephone: (210) 479-8899
Telecopier: (210) 479-0099

By: _____
SYLVAN S. LANG, JR.
State Bar No. 11898700
sylvan@langfirm.com
BRIAN M. DENNIS
State Bar No. 24039970
brian@langfirm.com
ATTORNEYS FOR PLAINTIFF,
RONALD L. McALPIN